# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5497 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Wallis, et al. vs. Levine, et al. | | |

**DOCKET ENTRY TEXT**

Appellee Cardservice International Inc.'s motion for leave to file a sur-reply brief [45] is denied. The bankruptcy court's decision to dismiss the adversary proceeding is reversed and remanded for further proceedings consistent with this order.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Appellants Scott Wallis and Ron Eriksen are former officers and shareholders of USA Baby, Inc., the debtor in a Chapter 7 bankruptcy proceeding, *In re USA Baby, Inc.*, number 08 B 23564. On June 1, 2010, appellants, acting *pro se*, filed adversary complaint number 10 A 01212 in the bankruptcy proceeding. Appellants' adversary complaint asserted claims of breach of the automatic stay, violations of the Racketeer Influenced and Corrupt Organizations Act, and civil rights violations. The complaint named more than 100 defendants, including attorneys, law firms, state court judges and court clerks, three Illinois counties, the States of Illinois and Ohio, and the United States, among others.

    A few of the defendants moved to dismiss the complaint on various grounds, including failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8, failure to state a claim, lack of standing, res judicata, judicial immunity and sovereign immunity. The defendants noticed these motions to dismiss for July 20, 2010, when the adversary proceeding was scheduled for an initial status hearing. No briefing schedule was entered on the motions to dismiss.

    At the July 20, 2010 hearing, the bankruptcy court stated that it did not need to address arguments that the adversary complaint failed to comply with the pleading requirements, that it failed to state a claim, or that it was barred by judicial or sovereign immunity. Instead, the bankruptcy court dismissed the adversary complaint for lack of standing and jurisdiction. During the hearing, appellant Wallis, appearing *pro se*, attempted to object to the dismissal of the case, and requested an opportunity to respond. The bankruptcy court refused to entertain Wallis's request, and concluded the hearing. Appellants filed a timely notice of appeal.

    On appeal, this Court may affirm, modify, or reverse the bankruptcy court's judgment, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013. The Court reviews the bankruptcy

| STATEMENT |
|---|

court's factual findings for clear error, and reviews its legal conclusions *de novo*. *See In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007).

Appellants argue that the bankruptcy court erred in dismissing their complaint without first giving them an opportunity to be heard. In support of this argument, appellants cite *Stewart Title Guar. Co. v. Cadle Co.*, 74 F.3d 835 (7th Cir. 1996). In *Stewart Title*, the trial court unexpectedly dismissed the case during a hearing on an unrelated motion, after "decisively cut[ting] short" the plaintiff's efforts to respond orally and in writing. *Id*. at 836. The Seventh Circuit concluded that the trial court erred in dismissing the case without first giving the plaintiff notice of its intent to do so and an opportunity to respond, and reversed and remanded the case for further proceedings. *Id.* at 836-37.

As an initial matter, the Court notes that the bankruptcy court was obligated to examine whether jurisdiction was proper, even if the parties did not raise the issue. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (explaining that "not only may the federal courts police subject matter jurisdiction *sua sponte*, they must"). However, a court should not *sua sponte* dismiss a complaint, even for lack of jurisdiction, without first providing the plaintiff notice and a hearing, or an opportunity to amend. *Frey v. Envtl. Protection Agency*, 270 F.3d 1129, 1132 (7th Cir. 2001). As the Court of Appeals has warned:
> *sua sponte* dismissals without prior notice or opportunity to be heard are hazardous, and . . . unless the defect is clearly incurable a district court should grant the plaintiff leave to amend, allow the parties to argue the jurisdictional issue, or provide the plaintiff with the opportunity to discover the facts necessary to establish jurisdiction.

*Id*. (quoting *Joyce v. Joyce*, 975 F.2d 379, 386 (7th Cir. 1992)) (internal quotation marks omitted); *see also In re Boomgarden*, 780 F.2d 657, 661 (7th Cir. 1985) (observing that "[i]n bankruptcy proceedings, both debtors and creditors have a constitutional right to be heard on their claims, and the denial of that right to them is the denial of due process which is never harmless error.").

Here, the standing issue had been raised in the motions to dismiss, and appellants had notice that at least that issue was up for consideration on July 20, 2010. However, the bankruptcy court erred in dismissing the adversary complaint without first giving appellants an opportunity to be heard. While the bankruptcy court may well reach the same conclusion after hearing from appellants, they are entitled to the opportunity to have their arguments heard.

*[signature: George W. Lindberg]*